Telia U. Williams, Esq.
LAW OFFICE OF TELIA U. WILLIAMS
Nevada Bar No. 9359
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-835-6866
teliauwilliams@telialaw.com
*Attorney for plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANN MORTELLITI, an Individual, | Case No. : 2:15-cv-00681-APG-NJK |
| Plaintiffs, | |
| vs. | **MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| ISS FACILITY SERVICES; DOE DEFENDANTS I through X, inclusive; ROE DEFENDANTS I through X, inclusive, | |
| Defendants. | |

Plaintiff Ann Mortelliti respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Rule 15-1 of this Court's Local Rules of Civil Practice, for leave to file a First Amended Complaint ("proposed amended complaint"), a copy of which is attached to this Motion as **Exhibit A**.

Dated this 20th day of July, 2015.

/s/ Telia U. Williams
Telia U. Williams, Esq.
*Counsel for plaintiff*

# I.
# BRIEF STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

This case concerns an employment discrimination against Ann Mortelliti, a former employee of ISS Facility Services ("ISS").  ISS explicitly refused to staff Mortelliti on a project because she was female.  The Nevada Equal Rights Commission (NERC) investigated, at the behest of Mortelliti, and made a "probable cause" determination.  That is, NERC concluded that indeed, ISS discriminated against Mortelliti on the basis of her gender.  Aside from complaining of the discrimination that she faced due to her gender, Mortelliti also complained of discrimination due to her disability, resulting from treatments for cancer.

When the conciliation initiated by the Equal Employment Opportunity Commission (EEOC) did not succeed in resolving the matter, the EEOC gave Mortelliti a right to sue on the basis of gender, as well as disability.  Although Mortelliti's case is scheduled for an Early Neutral Evaluation on July 28, 2015, by virtue of the parties' scheduling order, today is the last day for her to move to amend her complaint.[1]

# II.
# DISCUSSION

Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[2]  The court should freely give leave when justice so requires.[3]  "This mandate is to be heeded."[4]  Granting or denying the opportunity to

---

[1] The Early Neutral Evaluation (ENE) was originally scheduled for July 3, 2015, but the defendant requested that it be continued.  The plaintiff was desiring to wait until the occurrence of the ENE before moving to amend her complaint (if the ENE proves successful, amendment would be unnecessary), but with the defendant's continuance, it is now necessary for her to amend her complaint before the expiration of the deadline.
[2] *See* F.R.C.P. 15(a)(2).
[3] *See* Fed. R. Civ. P. 15(a).
[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

- 2 -

amend is within the sound discretion of the district court.[5] But if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, she ought to be afforded an opportunity to test her claims on the merits.[6]  Indeed, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[7]

In making its decision, the Court must consider that the purpose of granting leave to amend is two-fold: (1) to facilitate a decision on the merits, and (2) to ensure that all issues related to a specific transaction or occurrence are before the Court.[8]  In addition, the court should consider any factors that may militate against granting leave to amend—none of which are present here.[9]

This case is still in its earliest stages.  The Court is holding the Early Neutral Evaluation on July 28, 2015, approximately a week from today.  No motions are pending, and no discovery has transpired.  Thus, no undue delay has transpired.  Mortelliti intended to try to resolve her complaint against ISS at the initially scheduled ENE, which was supposed to have occurred on July 3, 2015.  Had the case resolved at the ENE, it would not have been necessary for her to pursue her disability claims.  And with Mortelliti's probable cause determination on the basis of gender, she decided to focus on her cause of action related to that determination rather than

---

[5] *See id.*
[6] *Id.*
[7] *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989)
[8] *See Filmtec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995) (citing Ninth Circuit law, and stating that the Ninth Circuit is "guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) and *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); 3 Moore Federal Practice (3d ed. 2009), § 15.14[1]. *See also, Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006) (considering, and then rejecting as inapplicable, factors militating against leave to amend).
[9] Those standard factors include: 1) undue delay, 2) bad faith or dilatory motive by the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue prejudice to the opposing party, and 5) futility of amendment.  *See Foman*, 371 U.S. at 178; *Minter*, 451 at 1204-11. *See also, Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971).

introducing her disability, as well. However, with the defendant's requested continuance, the ENE will now take place *after* the deadline for Mortelliti to allege the facts that sustain a cause of action against ISS for discrimination on the basis of disability. Mortelliti is not seeking the amendment in bad faith or with a dilatory motive. This is the first time that she has sought to amend her complaint, and has not previously been granted leave to cure any deficiencies by amendment, which she then failed to do.[10]

In the present action, granting Mortelliti leave to amend her complaint to include her disability claim will both facilitate a decision on the merits, and ensure that all issues related to the specific occurrence—namely, the employment discrimination at her workplace—are before the Court. The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Moreover, the disability allegations against ISS constitute a compulsory joinder.[11] Complete relief cannot be obtained in this case—assuming that it does not settle at the ENE—without joining the cause of action for disability. Thus, Mortelliti should be allowed to amend her complaint to add this cause of action.

ISS will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment.[12] The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and

---

[10] *See ids.*
[11] *See* F.R.C.P. 19.
[12] *See ids.*

preparation to defend against new facts or new theories.[13] As discussed, no discovery has occurred thus far in the case, and the parties have only prepared for the ENE conference, yet to occur. The defendant cannot be prejudiced, or caught off guard, by the new allegation of disability discrimination, especially insofar as Mortelliti received a right to sue on this basis, and participated in a mediation sponsored by the EEOC regarding both her gender and disability discrimination. The fact situation leading to the new allegation of disability discrimination, is exactly the same as exists in the original complaint. No undue prejudice would result to defendant in allowing the amendment under this circumstance.[14]

Finally, plaintiff's request to file an amended complaint is not futile as Mortelliti has alleged sufficient facts to state a claim for relief that is facially plausible.[15] Where the proposed amendment is not futile, denying leave to amend on this ground is improper.

Accordingly, in the interest of justice, this Court should grant Mortelliti's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here, given the liberal standard that applies to motions to amend under Rule 15(a)(2), as well as the clear absence of any substantial reason to deny leave to amend.

Dated this 20th day of July, 2015.

Respectfully submitted,                              /s/ Telia U. Williams

> Telia U. Williams, Esq.
> LAW OFFICE OF TELIA U. WILLIAMS
> 10161 Park Run Drive, Suite 150
> Las Vegas, NV 89145
> Tel.: (702) 835-6866

---

[13] *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 192 (2nd Cir. 2008); *Minter,* 451 F.3d at 1207-11.
[14] *See ids.*
[15] *See ids.*

- 5 -

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, I caused the foregoing document to be served on the following by the ECF system:

Bret O. Whipple, Esq.
JUSTICE LAW CENTER
1100 S. Tenth Street
Las Vegas, Nevada 89104
admin@justice-law-center.com

Adriane J. Hofmeyr, Esq.
MUNGER CHADWICK, P.L.C.
333 N. Wilmot, Suite 300
Tucson, Arizona 85711
(520) 721 1900
ajhofmeyr@mungerchadwick.com

Attorneys for Defendant ISS

                                               /s/David DaSilva
                                               Employee of Telia U. Williams, Esq.

# Exhibit A

Telia U. Williams, Esq.
LAW OFFICE OF TELIA U. WILLIAMS
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-835-6866
teliauwilliams@telialaw.com
*Attorney for plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANN MORTELLITI, an Individual, | Case No. : 2:15-cv-00681-APG-NJK |
| Plaintiffs, | |
| vs. | **(PROPOSED) AMENDED COMPLAINT** |
| ISS FACILITY SERVICES; DOE DEFENDANTS I through X, inclusive; ROE DEFENDANTS I through X, inclusive, | |
| Defendants. | |

Plaintiff Ann Mortelliti hereby alleges and complains as follows:

**I.   INTRODUCTION**

1. This is an employment discrimination case alleging termination on the basis of gender. Plaintiff Ann Mortelliti received a "probable cause" determination by the Equal Employment Opportunity Commission (EEOC) regarding her complaint of gender discrimination against defendant ISS Facility Services.

2. This action arises under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16, and the Civil Rights

Act of 1991, 42 U.S.C. 1981a, as well as equivalent laws of the State of Nevada.

3. Plaintiff seeks a declaration that the acts of defendant intentionally and unlawfully discriminated against her because of her gender, appropriate injunctive relief, lost pay, compensatory, and punitive damages, as well as appropriate injunctive relief.

## II.   JURISDICTION, VENUE, AND PARTIES

4. Plaintiff Ann Mortelliti ("Ann") is an adult female citizen of the United States and is a resident of Nevada.

5. Defendant ISS Facility Services (ISS) is an entity that is resident in Nevada.

6. At the time of the actions alleged in this complaint, aside from its own conduct, ISS was vicariously liable for its employees and/or agents who were acting within the color, purpose and scope of their relationships and/or employment, and by reason of its relationships and/or employment, ISS is jointly and severally and/or vicariously responsible and liable for the acts and omissions of its employees and/or agents.

7. Jurisdiction in this case is proper pursuant to NRS 14.065(1), and because the defendant removed this case from the Eighth Judicial District Court to the United States District Court for the District of Nevada, pursuant to appropriate federal subject matter jurisdiction.

8. This court may acquire personal jurisdiction over defendant, which is present in Clark County, Nevada, and/or regularly does business in Clark County, Nevada.

9. Venue is proper in this court as all of the events complained of occurred in Nevada, or have their nexus in Nevada.

## III. FACTUAL ALLEGATIONS

10. Ann is a former employee of ISS, having worked as a security guard for the organization, starting in 2011.

11. Ann went to job sites to act as a security guard as assigned and directed by ISS.

12. On one occasion, Ann was supposed to have served as a security guard for an assignment with Southwest Gas Corporation in Las Vegas, Nevada, but was refused.

13. When Ann asked the reason that she did not the assignment, her supervisor and/or similarly authorized person, expressly told Ann that it was because she was female.

14. Ann was told that Southwest Gas Corporation "does not want a female."

15. Ann was qualified to serve in the position, and was available. The only reason for not hiring and/or not assigning Ann to the job, as conceded by ISS, was for the invidious reason of her gender.

16. ISS had a duty not to bow and/or concede to an invidious and discriminatory basis for not hiring Ann for a job for which she was qualified.

17. In addition, in or near the beginning of August 2012, Ann was diagnosed with cancer and had to take leave in order to undergo surgery. Ann was thereafter treated with chemotherapy.

18. Ann returned to work at ISS in or near mid-August 2012 and informed the General Manager, Gerry, and/or the Account Manager, Ed Smith, that she had a release from her doctor allowing her to return to work.

19. But neither Gerry and/or Smith and/or another person in authority at ISS allowed Ann to resume her previous activities at ISS.

20. Ann noticed that she was subject to hostile treatment at ISS as a result of her disability and diagnosis, despite her ability to adequately perform her duties.

21. ISS clearly did not want to work with Ann anymore and asked her to sign some paperwork that would have made it harder for Ann to continue her desired work

schedule.

22. When Ann refused to sign the papers, ISS terminated Ann's employment, effective on or near February 8, 2013.

23. Ann timely filed a complaint with the Nevada Equal Rights Commission (NERC), which investigated, in connection with the EEOC, and found that Ann showed "probable cause" of discrimination.

24. Ann was required to obtain the services of the undersigned attorney and her law firm to protect and vindicate the rights to equal employment secured to her by law, and she is entitled to reasonable attorneys' fees and costs.

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Ann filed a formal complaint of gender discrimination with the EEOC within the time provided by applicable law and regulations.

23. The EEOC mailed to Ann a Notice of Right to Sue on or near November 6, 2014.

24. This suit was brought within 90 days of the receipt by Ann of notice of final agency administrative action on the part of EEOC.

25. Ann has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action.

### V.

### FIRST CAUSE OF ACTION

**(Employment Discrimination—Gender)**

26. The foregoing allegations in the preceding paragraphs are repeated and incorporated as if fully set forth herein.

27. Defendant has discriminated against Ann because of her gender, female.

- 4 -

28. Defendant failed to assign Ann a job, and/or constructively discharged her, based on her gender, and failed to promote or allow Ann as much work as she was entitled and/or qualified to do due to her gender.

29. Defendant subjected Ann to harsh and unreasonable performance standards not generally applied and not consistent with applicable personnel practices and regulations due to her gender.

30. Defendant failed to accommodate Ann's request for altered hours because of her gender, because ISS determined a female security guard to be undesirable despite Ann's disciplined work ethic and absence of disciplinary or work performance concerns.

## SECOND CAUSE OF ACTION

### (Employment Discrimination-Disability)

31. The foregoing allegations in the preceding paragraphs are repeated and incorporated as if fully set forth herein.

32. Defendant unlawfully failed to accommodate Ann's request for altered hours and/or terminated her because of her disability, because ISS determined that having a disabled security guard was undesirable, despite Ann's ability to perform her job duties.

33. Defendant has unlawfully discriminated against plaintiff based on her disability in violation of Rehabilitation Act of 1973, 29 U.S.C. 791, as amended by the ADA.

34. Defendant has a legal obligation to provide reasonable accommodation to employees who are disabled.

35. An individual with a disability is defined as one who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment.  29 C.F.R. 1630.2(g).

36. Plaintiff is and has been an individual with a disability at all times relevant to this action.

37. A qualified individual with a disability is an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the position she holds or desires, and who with or without reasonable accommodation, can perform the essential functions of the position. *See* 29 C.F.R. 1630.2(m).

38. Plaintiff is and has been a qualified individual with a disability at all times relevant to this action.

39. Defendant, through its agents, received plaintiff's requests for reasonable accommodation, namely, to be provided a shift consistent with her medical limitations, and yet refused.

40. ISS is an organization required to make reasonable accommodations for the known physical and mental limitations of an otherwise qualified individual with a disability unless the organization can show that accommodation would cause an undue hardship.

41. Defendant, through its agents, refused to provide reasonable accommodation to plaintiff.

42. Plaintiff has suffered injury as a proximate result of defendant's discriminatory practices.

**WHEREFORE**, Plaintiff prays judgment against defendant, as follows:

1. For a jury trial, if necessary, upon all issues;

2. For compensatory damages in excess of $10,000.00;

3. For punitive damages in excess of $10,000.00;

4. For back pay, benefits, and compensation for sick and vacation leave;

5. For declaratory and injunctive relief:

6. For costs of suit incurred;

7. For prejudgment and post-judgment interest as provided by law.

8. For such other and further relief as the court may deem proper.

Dated this 20th day of July, 2015.

    /s/ Telia U. Williams
Telia U. Williams, Esq.
LAW OFFICE OF TELIA U. WILLIAMS
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Tel.: (702) 835-6866